UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS H. L. BARFELL,

          Plaintiff,

v.

DRIVELINE RETAIL MERCHANDISING,
*et al.*,

          Defendants.

_____/

Case No. 1:24-cv-495

Hon. Robert J. Jonker

**ORDER TO TRANSFER VENUE**

*Pro se* plaintiff Thomas H. L. Barfell filed this action in the United States District Court for the Western District of Michigan ("Western District of Michigan").  In his complaint, plaintiff sues defendants Driveline Retail Merchandising ("Driveline"), Trion Solutions Inc. ("Trion"), Heather Meyer ("Meyer"), Kayla Neville ("Neville"), and Unknown Party #1.  Compl. (ECF No. 1).   For the reasons discussed below, this case will be transferred to the United States District Court for the Central District of Illinois ("Central District of Illinois").[1]

Plaintiff states that he lives in Hortonville, Wisconsin.  Compl.  Plaintiff identifies defendants Driveline, Meyer and Neville as located in Taylorville, Illinois, and defendant Trion as

---

[1]   This matter has been referred to the undersigned to decide all non-dispositive motions pursuant to 28 U.S.C.§636(b)(1)(A) and to file a report and recommendation on all dispositive matters under 28 U.S.C. §636(b)(1)(B).  *See* Order (ECF No. 5).  "The transfer of venue is a non-dispositive matter." *Marshall v. George*, No. 1:20-cv-722, 2020 WL 6318593 at *1, fn 1 (W.D. Mich. Oct. 28, 2020), citing *Carstens v. Michigan Department of Treasury*, No. 1:09-cv-664, 2009 WL 2581504 (W.D. Mich. Aug. 18, 2009) and *Horacek v. Heyns*, No. CIV.A. 14-13545, 2015 WL 799540 at *3, fn 1 (E.D. Mich. Feb. 25, 2015) ('motions to change venue are non-dispositive because they do not address the merits of the parties' claims and should proceed by order rather than report and recommendation.')."

located in Troy, Michigan. *Id*. Plaintiff appears to be suing defendants for wrongful termination and employment discrimination, and also cites 42 U.S.C. § 1983. *Id*. The alleged incidents occurred between March 21 and March 27, 2024. *Id*. Plaintiff alleged that he began his employment with Driveline/Trion on March 21, 2024. *Id*. He watched training videos and later attempted to communicate with his manager, defendant Meyer, who did not get back with him. *Id*. Two days into his employment, defendant Neville sent plaintiff an email notifying him that he would be placed on administrative leave and that he must appeal the decision based on his background check. *Id*. Plaintiff explained, "I had open criminal charges (possession of methamphetamine and felony bail jumping) from April 2022." *Id*. On April 1, 2024, plaintiff sent an email to "every necessary department of driveline [sic]", stating that he wanted to appeal the decision and that he had not been convicted of the charges. *Id*. Plaintiff claims damages for "Lost wages, homelessness, depression, anxiety, severe manic episodes." *Id*.

Venue in a civil case is determined by 28 U.S.C. § 1391(b), which provides that:

A civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

While plaintiff filed this lawsuit in the Western District of Michigan, none of the defendants reside in this district and none of the alleged incidents occurred here. Based on plaintiff's allegations, "a substantial part of the events or omissions giving rise to the claim occurred" in Taylorville, Illinois, where defendants Driveline, Meyer and Neville are located. *See*

2

28 U.S.C. § 1391(b)(2).   Taylorville is in Christian County, Illinois, which lies within the geographic boundary of the Central District of Illinois.   *See* 28 U.S.C. § 93(b).

Congress has instructed district courts to dismiss, or in the interest of justice to transfer, a case filed in the wrong district.   *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").   The decision of whether to dismiss or transfer a case based on improper venue is within the district court's sound discretion.   *First of Michigan Corporation v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).   Here, venue is proper in the Central District of Illinois.   It is in the interest of justice to transfer this case to that district.   Accordingly,

**IT IS ORDERED** that this case be transferred to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1406(a).

Dated:  May 16, 2024

/s/ Ray Kent
RAY KENT
United States Magistrate Judge

3